# Jane Herron et al., Plffs. in Err., *v.* Charles G. Murphy.

A tax-sale deed executed by a county treasurer to the county commissioner's is not rendered invalid by the fact that it was acknowledged by the county treasurer after his term of office had expired.

The affixing of the official seal is not requisite to the validity of a deed executed by county commissioners, of lands which had been conveyed to them for unpaid taxes.

Where all that was required of a plaintiff in ejectment, to make out a prima facie case of title to land under a tax sale, was to show assessments, a sale by the county treasurer to the county commissioners, and a sale by the latter to plaintiff —*Held,* that the admission in evidence of a minute book of the county commissioners reciting the sale by the commissioners to the plaintiff was not erroneous, although the book was not in the form prescribed by statute.

By a county treasurer's sale of a tract of land to the county commissioners for unpaid taxes, both the commissioners and their vendee take whatever of the tract lies in the county, and, in ejectment by the commissioners' vendee, surveyors' mistakes as to the county line are of no consequence.

Subsequent assessments of taxes and sales of land therefor by the county treasurer to the county commissioners, followed by redemptions on payment of intervening taxes, will not devest the county of its original title to the same land purchased previously by it for taxes which had never been paid.

The record of a proceeding in the orphans' court between other parties, for the sale of certain lands in the tract in suit, held inadmissible to show the number of acres in the tract within the county line.

(Argued April 9, 1888. Decided May 7, 1888.)

January Term, 1887, No. 184, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Columbia County to review a judgment in favor of plaintiff in an action of ejectment, February Term, 1883, No. 52. Affirmed.

This was an action in ejectment by Charles G. Murphy against Jane Herron and Charles D. Herron, her husband, Elizabeth B. Jackson and John A. Jackson, her husband, Charles J. Tower and R. M. Cummings, with notice to all terre-tenants.

At the trial before ELWELL, P. J., the plaintiff made the following offers:

1. Deed of August 8, 1828, Andrew McReynolds, treasurer, to Peter Yohe, Usal Hopkins, and Thomas Woodside, Commissioners of Columbia county, and their successors forever—this same tract of land. Acknowledged January 7, 1829.

By defendants' counsel: We object to the deed because the acknowledgment has erasures and interlineations, and because it does not appear that the treasurer was in office at the date of the acknowledgment.

By plaintiff's counsel: The deed being over thirty years old the burden of proof is on the objector.

By the Court: I will overrule the objection. [1]

2. Minute book of the county commissioners and entry thereon, dated Bloomsburg, August 31, 1882, reciting as follows: "Warrantee or owner, Nathaniel Brown; township Catawissa; date of sale 1828, to commissioners: No. of acres, 400; amount sold for to commissioners, $5.52; to whom sold, C. G. Murphy; amount sold for, $305.00. Paid, deed made."

Defendants objected, because: (1) The plaintiff has not shown the book of minutes of the county commissioners, as required to be kept by them, in which all sales to the commissioners shall be entered by their clerk, as well as any redemption which may happen, and sales made by them after the right to redeem is past over; (2) plaintiff has not shown the book required to be provided by the commissioners, wherein shall be entered the name of the person as whose estate the lands bought by the commissioners were sold, and the amount of taxes they sold for [Purdon's Digest, 1682, pl. 52.]; (3) the plaintiff has not shown any book as required to be provided and kept by the commissioners, wherein the lands purchased by them have, for five years next after the purchase, been in separate columns in the same book, charged with reasonable county and road tax [Id.]; (4) the book offered in evidence shows erasures and words written over them, in what is offered in evidence; and (5) the purchase of the land in controversy was made by the county commissioners in June, 1828, and the book offered and the minutes are not contemporaneous with the purchase.

Objections overruled. [2]

3. Deed dated September 18, 1882, Charles Reichart, Joshua Fetterman, B. F. Edgar, Commissioners of Columbia County, to C. G. Murphy, for tract in dispute. Consideration, $305— recites sale by commissioners; acknowledged September 18, 1882, the purchase money receipted on the deed.

By defendants' counsel: The defendants object to the admission of the deed in evidence, because it seems not to have been properly executed, not having the official seal of the com-

missioners attached, and not being attested by their clerk; and the receipt is signed by the commissioners, instead of by the treasurer, who properly ought to have got the money.

Objection overruled.   [3]

Defendants made the following offers:

1. To prove by George W. West, a witness—I am acquainted with the locality of the south branch of big Roaringcreek—I know where Yarnell's path is.   The course fixed by the court from Yarnell's path, the county line would run through the "Nathaniel Brown."   If you consider Webb & Meredith's line the southern line of the tract, it would leave about 150 acres in Northumberland county; or running down to the line as marked at present, considerably more, in the neighborhood of 200.

Q. Have you examined these two lines, Webb & Meredith's, and Baird's?

A. I have been at the corners of it at each end of that line, and followed the lower one, the southern one, not by chaining—simply followed it through.   I have measured all the other lines round the ends and on the north.   I have not chained the two southern lines through.   I have connected with the lower one at one or two places in my other surveys; I have never chained them through, I have followed the line through without chaining.

Q. As a surveyor, which, in your judgment, is the correct line?

Plaintiff objects.   Objection sustained.   [4]

2. Q. What line, so far as Brown's map, exhibit "A" shows, was the only southern line of the "Nathaniel Brown" in existence on the ground in 1828?

Plaintiff objects.   Objection sustained.   [5]

3. Columbia county orphans' court docket, 1837, January term, No. 16; 1837, April term, No. 6; 1837, April term, No. 28; to show the number of acres in the "Nathaniel Brown" in Columbia county—Mr. West has said that there are 150 acres of the "Nathaniel Brown" in this county; and this record of sale of certain lands of Nicholas LeFeve shows the same fact. The petition, order of court, sale, and return.

By the Court:   Petition for orphans' court sale of 150 acres?

By plaintiff's counsel:   No decree.

By the Court:   *Res inter alios acta.*   These parties could

limit the boundaries to suit themselves—I don't think it evidence. It is not proof of general reputation that these parties bounded the land sold by certain lines and called one of them the county line. [6]

4. The triennial assessments of the townships of Catawissa, Roaringcreek, and Conyngham, for the years 1832, 1834, 1837, 1841, 1843, 1846, 1858, 1861, and triennially thereafter to 1882, inclusive, showing an assessment of the Nathaniel Brown tract of land; and in connection therewith, the transcript and sale book, showing a sale to the commissioners in 1832—a sale to the commissioners in 1834—a treasurer's sale of 150 acres to James Pleasants in 1842 for the taxes of 1838, 1839, 1840, 1841, and deed on record, which was received November 19, 1847—a sale by the treasurer, June 8, 1846, of the "Nathaniel Brown," 400 acres, to the county commissioners, for $14.81, which was paid by James Pleasants to the treasurer, November 19, 1847—sale by the treasurer, 400 acres in the Conyngham township in 1866, to A. W. Rea, and a redemption for the Columbia Coal Company by John E. Rathbun—a sale by the treasurer, same township, 450 acres in 1870, to Ent. & Brockway for $334.25, tax and costs, and a redemption by Fellows & Dater, for the aforesaid company—a sale by the treasurer, same township, 450 acres, in 1876, to George A. Fellows for $498.62 tax and costs, redeemed by R. M. Cummings—a sale by the treasurer, same township, 450 acres in 1880, to D. W. Kingsbury, for $80,000, tax and costs $491.12, redeemed by John A. Rathbun in behalf of the title represented by Geo. A. Fellows—an offer by treasurer, for sale, in June, 1882, 450 acres, and an adjournment to November 6, 1882; and a sale of the same tract by the county commissioners as 400 acres, August 31, 1882, to C. G. Murphy, and payment by said C. G. Murphy of the treasurer's taxes $476, on November 6, 1882, on "Nathaniel Brown," advertised by treasurer as 450 acres.

For the purpose of showing the action of the county commissioners in connection with this tract of land; placing or allowing it to be placed upon the tax list, upon the assessor's books, carrying it into the sale book and sale list, and sales made of it by the treasurer, and the collection of taxes upon it—for the purpose of claiming that the act of the commissioners amounted to a relinquishment of any right the county may have acquired in

1828; and an estoppel to them from setting up, either themselves or anybody under them, of a title to this tract of land.

The plaintiff objects: (1) That it is *res inter alios acta;* (2) the defendants have shown nothing by which they can claim an estoppel. There is nothing in all this that effects their title or any title they have shown; 3, the acts of the county commissioners *ultra vires* are nullities; they can dispose of property coming into their hands only as the law directs, not otherwise— a naked power to be construed strictly; and 4, the defendants' abstract of title filed contains nothing of this; therefore they are precluded by the rules of court from setting it up now.

Objection sustained. [7]

Defendants presented the following points:

1. Under the evidence in the case, the plaintiff can recover only the quantity of land lying in the county of Columbia at the date of the commissioners' purchase, 1828.

2. Under the evidence in the case, there were only 150 acres of land in Columbia county at the date of the treasurer's sale to the commissioners, in 1828.

The court charged the jury as follows:

In 1728 a warrant was granted from the commonwealth of Pennsylvania to Nathaniel Brown; and subsequently a survey was made of 400 acres and allowance, and a patent was granted to Peter Graul. That land was assessed with taxes, and was sold by the treasurer to the commissioners of the county of Columbia for the taxes and costs. The commissioners advertised the land for sale, and sold it to Chas. G. Murphy. [There is nothing in the case to affect the validity of that sale.]

According to the testimony of Mr. Brown, who made the map before you, on which the county line is marked in red, all the land—except that small part shown—would be in the county of Columbia—394 acres and 120 perches of it. Mr. West says that if you adopt Webb & Meredith's line for the county line of 1828, there would be about 150 acres of this tract in Columbia county; if you adopt some other line, there would be about 200 acres. [The plaintiff has shown title and a right to recover for whatever there was of this land in Columbia county in 1828; as to that there is no defense, and the plaintiff is entitled to your verdict].

Verdict and judgment were for plaintiff.

The assignments of error specified the action of the court: (1-3) In overruling defendants' objections to plaintiff's offers; (4-7) in rejecting the evidence offered by defendants; (8, 9) in not specifically answering defendants' points and in not affirming defendants' second point; and (10, 11) the portions of the charge in brackets.

*John G. Freeze* and *R. M. Cummings*, for plaintiffs in error.—Positive acts tending to mislead one ignorant of the truth, and which do mislead him to his injury, are grounds of estoppel, although the party estopped were ignorant of his rights. (Chapman v. Chapman, 59 Pa. 214); but the acts of a party, done in ignorance of his rights, will not operate as an estoppel, unless others have acquired rights on the faith of them. Newman v. Edwards, 34 Pa. 32; Duncan's Appeal, 43 Pa. 67.

One who by a positive act induces another to purchase land of a third party, of which the former is a true owner, is estopped from setting up his title against the purchaser, although all the parties acted in good faith, and in ignorance of the true state of the title. Miller's Appeal, 84 Pa. 391.

When a person actually encourages or induces another to enter upon land and invest money or expend labor, he cannot afterward call in question such title, although he acted in ignorance of his own rights. Woodward v. Tudor, 81* Pa. 382. (Counsel also cites: Hunter v. Albright, 5 Watts & S. 426; Diamond Coal Co. v. Fisher, 19 Pa. 267; Kunes v. Mc-Closkey, 115 Pa. 461, 9 Atl. 83; Bear Valley Coal Co. v. Dewart, 95 Pa. 72; Altemose v. Hufsmith, 45 Pa. 121; Huston v. Foster, 1 Watts, 477.)

*A. Ricketts* and *S. Knorr*, for defendant in error.—After the lapse of five years from the time of the tax sale the title of the county became absolute, and nothing but redemption by the former owner with the consent of the commissioners could devest the title of the county; and that title could be devested only by deed of the commissioners. Goodman v. Sanger, 85 Pa. 37; Hoffman v. Bell, 61 Pa. 444-452, and Jenks v. Wright, 61 Pa. 410-414; Reading v. Finney, 73 Pa. 467; Williams v. Peyton, 4 Wheat. 76, 4 L. ed. 518; Thatcher v. Powell, 6 Wheat. 119,

5 L. ed. 221; Blackwell, Tax Titles, pp. 36, 51, 52, 53, 54-66;
Kirkpatrick v. Mathiot, 4 Watts & S. 254; Lewis v. Robinson,
10 Watts, 354; McMichael v. McDermott, 17 Pa. 359, 55 Am.
Dec. 560; Wistar v. Kammerer, 2 Yeates, 100; Young v. Mar-
tin, 2 Yeates, 312; Blair v. Waggoner, 2 Serg. & R. 472;
Shearer v. Woodburn, 10 Pa. 511; Hole v. Rittenhouse, 19 Pa.
305; Barton v. Smith, 1 Rawle, 403; Heeter v. Glasgow, 79 Pa.
79, 21 Am. Rep. 46; Huston v. Foster, 1 Watts, 477.

PER CURIAM:

That the treasurer acknowledged the deed of August 8, 1828,
to the county commissioners after his term of office expired did
not invalidate that deed.    The minute book of the commission-
ers' office was properly admitted, although it was of little or no
consequence; for all that the plaintiff had to do to make out a
prima facie case was to show the assessments, a sale by the
treasurer to the county commissioners, and the sale by the
latter to the plaintiff, and the official seal was not necessary to
the validity of their deed.    By the treasurer's sale both the com-
missioners and their vendee took whatever of the land lay in
the county of Columbia, so that surveyors' mistakes as to the
county line were of no consequence.    The subsequent assess-
ments of taxes, and sales by the treasurer, did not devest the
title of the county acquired in 1828, they having been followed
by redemptions.    These showed payment of intervening taxes,
but not of those for which the land was originally sold.    It fol-
lows that this case was well tried by the learned judge of the
court below, and that a verdict was properly directed for the
plaintiff.

The judgment is affirmed.